FILED
IN CLERK
U.S. DISTRICT

★ OCT 1 0 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | STATEMENT OF REASONS FOR SENTENCE PURSUANT TO 18 U.S.C. § 3553(c)(2) |
|---|---|
| – against – | 17-CR-57 |
| QUAIMME DAVIES, Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ........................................................................................................................... 1
II. Instant Offense ...................................................................................................................... 1
III. Guilty Plea ............................................................................................................................. 2
IV. Sentencing Hearing ............................................................................................................... 2
V. Offense Level, Criminal History Category, and Sentencing Guidelines Range ............ 2
VI. Law ......................................................................................................................................... 3
VII. 18 U.S.C. § 3553(a) Considerations ..................................................................................... 4
VIII. Sentence ................................................................................................................................. 4

I.  Introduction

Defendant pled guilty to two counts: bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and possessing and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924 (C)(1)(A)(ii). Davies is sentenced to one year in prison under Count 1 and seven years in prison under Count 2. He is sentenced to a total of eight years in prisons because the custodial terms on these counts must run consecutively.

II.  Instant Offense

Quaimme Davies is a 35-year old American citizen. Pre-Sentence Investigation Report ("PSR") at 2. On January 28, 2017, he and a co-defendant robbed a Chase Bank in Flushing,

1

Queens. *Id.* at ¶ 4. After entering the bank, Davies demanded access to the bank's vault, brandishing a handgun with a defaced serial number to underline his demands. *Id.* Bank employees opened the vault and began filling bags with case. *Id.* The two defendants then tied up the bank employees. *Id.* During the robbery, both silent and active alarms were triggered. *Id.* at ¶¶ 4-5. Police officers arrived on the scene while the robbery was still in progress, and the defendants were arrested without incident or further violence. *Id.* at ¶ 6.

### III. Guilty Plea

On April 21, 2017, the defendant pled guilty to Counts 1 and 2 of a two-count indictment, charging Davies with bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and possessing and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924 (C)(1)(A)(ii). *Id.* at ¶¶ 1-2.

### IV. Sentencing Hearing

On September 12, 2017, the court began the sentencing hearing; the court finished the sentencing hearing on September 27, 2017. *See* Sept. 12, 2017 Hr'g Tr.; Sept. 27, 2017 Hr'g Tr. The proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

### V. Offense Level, Criminal History Category, and Sentencing Guidelines Range

Defendant's base offense level for Count 1 is 20. PSR at ¶ 15; U.S.S.G. §§ 2B3.1(a); 18 U.S.C. § 2113(a). He received a two-level enhancement for taking the property of a financial institution; a two-level enhancement for physically restraining someone during the execution of the crime; and a two-level enhancement because he had intended to take over $95,000. PSR at

2

¶¶ 16-18; U.S.S.G. §§ 2B3.1(b)(1), 2B3.1(b)(4)(B), 2B3.1(b)(7)(C). His adjusted offense level for Count 1 was 26. *Id.* at ¶ 22. The guideline on his second count is a statutory mandatory minimum term of seven years imprisonment. PSR at ¶ 23; U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A)(ii). The combined adjusted offense level was decreased by two points for accepting responsibility. PSR at ¶ 29; U.S.S.G. § 3E1.1(b). His combined adjusted total offense level is 24. PSR at ¶ 30. His criminal history category is I—he had two prior criminal convictions as a youth. *Id.* at ¶¶ 32-34. The guideline imprisonment range is 51 to 63 months, but there is a mandatory minimum sentence of seven years imprisonment. *Id.* at ¶ 65.

## VI. Law

In *United States v. Booker,* the Supreme Court held that the guidelines are advisory, thereby allowing a departure by the sentencing court when a departure is in the interest of justice in light of the statutory concerns expressed in section 3553(a). *United States v. Booker,* 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines—that is, they are truly advisory. A district court may not presume that a guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is to be prized. *See, e.g.,* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and*

*Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## VII. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Davies grew up in a stable two-parent household in Brooklyn. PSR at ¶ 39. His siblings and parents—who remain supportive of Davies—are professionals and law-abiding. *Id.* at ¶¶ 39-40. Davies has two young children from a past relationship with Yarine Feliz, and Feliz describes Davies as a "generous person" and "great father" with a "big heart." *Id.* at ¶¶ 42-43.

Defendant is in good health, and has never had any drug or alcohol problems. *Id.* at ¶¶ 47-50. He obtained his GED while incarcerated and otherwise only attended high school through the 9th grade. *Id.* at ¶¶ 51-53.

Davies has held several different jobs throughout his life. He worked as a janitor at a McDonalds; as a loan consultant at a bank in Great Neck; and as an entrepreneur in the event-planning space. *Id.* at ¶¶ 55-60.

## VIII. Sentence

Davies is sentenced to one year of incarceration for Count 1, and the mandatory minimum sentence of seven years of incarceration for Count 2. These sentences must run consecutively. *Id.* at ¶¶ 63-64. While this was a very serious crime that undoubtedly left the bank employees traumatized, a guidelines sentence in addition to the mandatory minimum sentence would be too harsh given the defendant's potential for rehabilitation and the need for him to continue being a good father to his children.

The conditions of his supervised release include those specified in subsections (a), (c), and (d) in section 5D1.3 of the sentencing guidelines. *See* Sept. 27, 2017 Hr'g Tr.

A $200 special assessment is imposed. No fine is assessed because of his inability to pay. PSR at ¶ 62. He has agreed forfeit the firearm used in the crime. *Id.* at ¶ 72; Sept. 27, 2017 Hr'g Tr.

General and specific deterrence are served by the sentence imposed.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Date: October 2, 2017
      Brooklyn, New York